IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALBERT (AL) HADEED AND
NATHAN (NATE)
MCLAUGHLIN,

      Appellant,

v.

STATE OF FLORIDA,
COMMISSION ON ETHICS,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-724 & 1D16-725

Opinion filed December 12, 2016.

An appeal from an order of the State of Florida Commission on Ethics.
Stanley M. Weston, Chair.

Mark Herron and Robert J. Telfer, III, of Messer Caparello, P.A., Tallahassee, for
Appellant.

C. Christopher Anderson, III, and Grayden Paul Schafer of the Florida
Commission on Ethics, Tallahassee, for Appellee.

PER CURIAM.

      Albert "Al" Hadeed, a county attorney, and Nathan "Nate" McLaughlin, a

county commissioner, who were the targets of unsuccessful ethics complaints,

appeal the Commission on Ethics's denial of their requests for costs and attorney's

fees sought under section 112.317(7), Florida Statutes. We affirm.

In June 2015, the Commission received a 187-page complaint from citizen John Ruffalo, who claimed that Hadeed, as the attorney for the Flagler County Board of County Commissioners, had engaged in acts that violated state ethics laws. Soon thereafter, the Commission received a 34-page complaint from citizen Dennis McDonald that raised similar allegations against McLaughlin, a Flagler County Commissioner. Among others, an allegation common in both complaints was that Hadeed provided advice to McLaughlin and other board members, who accepted his recommendation that public funds be expended to pay for legal expenses to defend against litigation previously brought against the public officials and Hadeed.

The Commission rejected the two complaints as legally insufficient, finding neither established grounds for an ethics violation. The Commission, which summarized Ruffalo's complaint as a "lengthy narrative and multiple attachments, much of which concerns officials or persons other than [Hadeed]," focused on Hadeed's alleged failure to provide appropriate legal advice to the Board and his conduct in defending a lawsuit against the County. It concluded that the complaint "substantively fails to indicate a possible violation of Section 112.313(6), Florida Statutes, the only provision of the Code of Ethics even arguably applicable to it." Specifically, the Commission found that Hadeed's legal representation and advice

to the Board was not inconsistent with his public duties; indeed, it was prudent action. Because none of the matters in Ruffalo's complaint raised redressible matters, the complaint was dismissed. Likewise, the Commission dismissed the complaint against Commissioner McLaughlin as legally insufficient, finding his alleged conduct was not inconsistent with the proper performance of public duty.

Dismissal of the ethics complaints did not end the matter. Florida law provides for an award of costs and attorney's fees against persons who file knowingly false ethics complaints against public officials and employees, provided certain parameters are met. The applicable statute, section 112.317(7), states in relevant part:

> In any case in which the commission determines that a person has filed a complaint against a public officer or employee with a malicious intent to injure the reputation of such officer or employee by filing the complaint with knowledge that the complaint contains one or more false allegations or with reckless disregard for whether the complaint contains false allegations of fact material to a violation of this part, the complainant shall be liable for costs plus reasonable attorney fees incurred in the defense of the person complained against[.]

§ 112.317, Fla. Stat. (2013). Pursuant to this statute, Hadeed and Commissioner McLaughlin sought costs and attorney's fees, alleging the complaints were filed maliciously to injure their reputations via knowingly false allegations that were material to ethics violations. The Commission dismissed the fee requests as insufficient because, among other reasons, neither met the standards for showing that the allegations were material to an ethical violation. Stated differently, even if

3

knowingly false allegations were maliciously made to injure Hadeed and McLaughlin, they were not "material" to any purported ethics violation. Hadeed and McLaughlin appeal the orders denying their fee requests.

II.

The central point we address in this consolidated appeal is the language of section 112.317(7), which requires that a complaint contain false statements that are "material to a violation" of the Ethics Code. As explained in Brown v. State, Commission on Ethics, 969 So. 2d 553, 560 (Fla. 1st DCA 2007):

> the elements of a claim by a public official for costs and attorney fees are that (1) the complaint was made with a malicious intent to injure the official's reputation; (2) the person filing the complaint knew that the statements made about the official were false or made the statements about the official with reckless disregard for the truth; and (3) the statements were material.

The statute incorporates the "actual malice" standard from First Amendment jurisprudence, id., but it also requires that the false allegations be "material" to an ethics violation to be actionable for costs and fees. Falsely calling someone a terrorist or child abuser is of no moment under section 112.317(7) unless the false allegation is "material" to a violation of Florida's Code of Ethics.

Amidst the hundreds of pages of inflammatory, disparaging, and conclusory allegations in the complaints, the Commission found just three were material to possible ethics violations:

4

(1) Hadeed sought Board approval for a publicly-funded legal defense for Board members and himself;

(2) McLaughlin voted favorably for a publicly-funded legal defense for himself and others; and

(3) Hadeed was involved in defending a lawsuit involving the County.

The question then becomes whether these factual allegations—stripped of the tacked-on hyperbolic legal conclusions that accompany them in the complaints—are false. They are not. Hadeed does not deny seeking approval from the Board to procure a publicly-funded defense, as well as holding a vote on the matter. Nor does Hadeed deny participating in litigation involving the County. Likewise, Commissioner McLaughlin does not deny voting at the meeting as alleged. The Commission found that these actions were part of the officials' duties and not ethical breaches. Accordingly, there are no *false* allegations of fact in the complaints that are material to a violation of the Code to support a request for costs and fees. Though we need not defer to the Commission's interpretation of section 112.317(7), Brown, 969 So. 2d at 557, we nonetheless find it supportable as applied in this case.

The statutory analysis stops here. Whether the disparaging language and desultory legal conclusions interspersed through the two tome-like complaints were maliciously intentional or knowingly false doesn't matter legally under section 112.317(7); so long as the allegations are true and material, costs and fees

5

are not recoverable. This result may seem odd. Hundreds of pages of inflammatory language in ethics complaints are directed at public officials, who prevail on the merits, but they can't recover costs or fees against their tormentors? The answer is that the statute is narrowly-drawn and allows recovery only in very limited situations; it doesn't permit recovery where knowingly false allegations are maliciously made to injure a public official's reputation on matters *immaterial* to an ethics violation, at least in this context. Awards of costs and attorney's fees are a matter of legislative grace and the dividing line the Legislature has drawn here does not extend to the actions of Ruffalo and McDonald in filing meritless ethics complaints; had they made a knowingly false allegation as to a material fact in an attempt to cause reputational harm, the statute would apply.

Finally, because the material factual allegations in the complaints are true, allowing amendment to Hadeed's and McLaughlin's cost/fee petitions would not change the result. For all these reasons, the Commission's orders on the petitions for costs and attorney's fees and the motions for leave to amend are AFFIRMED.

MAKAR, JAY, and M.K. THOMAS, JJ., CONCUR.